FILED
CLERK, U.S. DISTRICT COURT
9/26/23
CENTRAL DISTRICT OF CALIFORNIA
BY: CS    DEPUTY

Name: Tamerlane Timur Bey II

Address: 4500 Park Granada STE 202

Calabasas, CA 91302

Phone: (347) 542-8565

Fax:

In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Tamerlane Timur Bey II

Plaintiff

v.

Turo Inc

Defendant(s).

CASE NUMBER:
CV23-8225-GW(PVCx)

To be supplied by the Clerk of
The United States District Court

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

I. INTRODUCTION
1. This is a class action lawsuit brought by Plaintiff Tamerlane Timur Bey II ("Plaintiff") and Carolyn Stover ("Stover"), another affected party, against Turo Inc. Plaintiff and Stover are users of Turo, a rideshare car listing platform.
2. The purpose of this Complaint is to seek legal redress for Turo Inc's arbitrary and unexplained account terminations that have led to financial harm to Plaintiff, Stover, and potentially other affected users. Additionally, this Complaint alleges discrimination by Turo Inc.

II. CLASS ACTION ALLEGATIONS
3. Plaintiff seeks class certification to allow other similarly affected individuals to join this lawsuit. The proposed class includes all individuals who had their Turo accounts arbitrarily terminated without valid explanation.

III. PARTIES
4. Plaintiff Tamerlane Timur Bey II is an individual residing at 4500 Park Granada STE 202, Calabasas, CA 91302.
5. Carolyn Stover is an individual residing in Orange County, New York.
6. Defendant Turo Inc. is a foreign for-profit corporation registered in the state of California, with its principal address at 111 Sutter Street, Floor 12, San Francisco, California 94104-4541, and its registered agent, Incorporating Services, LTD, located at 7801 Folsom Blvd #202, Sacramento, CA 95826.

## IV. GENERAL ALLEGATIONS

7. Plaintiff and Stover operated vehicles for rent on Turo's platform.

8. On March 8, 2023, Plaintiff's Turo account was abruptly and without explanation terminated by Turo Inc. The account termination resulted in substantial financial harm to Plaintiff.

   Petitioner Tamerlane Timur Bey II's Story: Plaintiff's vehicle was actively listed on Turo's platform and was consistently rented for 25 to 30 days per month, earning an average of $115 per day. Turo Inc's unexplained account termination led to significant financial losses.

9. Similarly, on July 5, 2023, Stover's Turo account was closed by Turo Inc without providing any meaningful explanation, causing significant financial losses for Stover.

   Petitioner Carolyn Stover's Story: Stover actively used Turo to rent out her vehicle, generating substantial income. Turo Inc's account termination on July 5, 2023, left Stover without a source of income and without a valid explanation.

10. Plaintiff conducted their Turo business not only in California but also in Florida, during the time the accounts were closed.

11. This case involves the discriminatory and financially damaging actions of Turo Inc against its users, including Plaintiff and Stover.

## V. NATURE OF ACTION

12. This action arises under federal and state law and involves claims of breach of contract, unjust enrichment, violations of the California Consumer Legal Remedies Act (CLRA), violations of New York General Business Law (GBL) § 349, discrimination violations under federal law, violations of the Fair Housing Act, violations of the Civil Rights Act, violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and other related claims, all of which are based on Turo Inc's arbitrary and unexplained account terminations and discriminatory practices.

## VI. JURISDICTION AND VENUE

13. Jurisdiction in this matter is proper under 28 U.S.C. § 1332(d)(2) as this is a class action where the amount in controversy exceeds $5,000,000 and is between citizens of different states.

14. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this district.

## VII. CAUSES OF ACTION

15. Breach of Contract (Count I): Plaintiff alleges that Turo Inc breached its contractual agreement with the Plaintiff by arbitrarily closing their account without valid cause, violating the terms and conditions of service.

16. Unjust Enrichment (Count II): Plaintiff asserts that Turo Inc has been unjustly enriched by unfairly terminating the Plaintiff's account and retaining fees generated from Plaintiff's car rentals without providing any valid explanation or justification.

17. Violation of California Consumer Legal Remedies Act (CLRA) (Count III): Plaintiff claims that Turo Inc's actions constitute violations of the CLRA by engaging in deceptive and unfair practices that cause financial harm to consumers.

18. Violation of New York General Business Law (GBL) § 349 (Count IV): Plaintiff alleges that Turo Inc's actions also violate GBL § 349 by engaging in deceptive acts and practices, harming consumers, including Stover, who is a resident of New York.

19. Discrimination Violations (Count V): Plaintiff alleges that Turo Inc's arbitrary account terminations disproportionately affect users based on race, color, or ethnicity, in violation of federal laws, including but not limited to:

   a. Civil Rights Act (42 U.S.C. § 1981): Turo Inc's arbitrary and unexplained account terminations constitute discriminatory practices in violation of the Civil Rights Act.

    b. Fair Housing Act (42 U.S.C. § 3604): Turo Inc's discriminatory actions interfere with users' ability to rent accommodations and services based on race, color, or ethnicity, in violation of the Fair Housing Act.

20. Florida Deceptive and Unfair Trade Practices Act (FDUTPA) Violations (Count VI): Plaintiff asserts that Turo Inc's actions also violate FDUTPA by engaging in unfair or deceptive acts or practices, which have harmed consumers, including Plaintiff who conducted their Turo business primarily in Florida.

VIII. CLAIMS

21. Plaintiff and Stover hereby sue Turo Inc for the claims outlined in Counts I through VI.

IX. PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff and Stover respectfully request that this Court grant the following relief:

    a. Compensatory Damages: Plaintiff and Stover seek compensatory damages equal to three times the financial damages suffered due to the account termination, with the exact amount to be determined at trial.

    b. Injunctive Relief: Plaintiff and Stover request that this Court issue an injunction preventing Turo Inc from engaging in further discriminatory practices and from arbitrarily terminating user accounts without valid cause.

    c. Attorney's Fees and Costs: Plaintiff and Stover request the recovery of reasonable attorney's fees and costs incurred in this action.

    d. Jury Trial: Plaintiff and Stover demand a jury trial on all claims and issues triable as such

    e. Other Relief: Plaintiff and Stover request such other and further relief as this Court deems just and proper.

X. DEMAND FOR JURY TRIAL

23. Plaintiff and Stover hereby demand a trial by jury on all issues triable as such.

DATED this 16th day of September, 2023

_/s/Tamerlane T. Bey II_____
TAMERLANE TIMUR BEY II
4500 Park Granada
STE 202
Calabasas, CA 91302
TBEYII@gmail.com
(347) 542-8565